# EXHIBIT "A"

# Plaintiff's Complaint at Law

FILED
7/19/2021 4:40 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
14095581

FILED DATE: 7/19/2021 4:40 PM  2021L007296

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

CARLTON CLAYTON, )
 )
      Plaintiff, )
 )
      v. ) No.: **2021L007296**
 )
ESVIN VASQUEZ, individually and as an )
agent of ESVIN AROLDO VASQUEZ, *d/b/a* )
EAV EXPRESS; and ESVIN AROLDO )
VASQUEZ, *d/b/a* EAV EXPRESS, )
 )
      Defendants. )

**COMPLAINT AT LAW**

NOW COMES, the Plaintiff, CARLTON CLAYTON, by and through his attorneys, DWORKIN & MACIARIELLO, and in complaining of the Defendants, ESVIN VASQUEZ, individually and as an agent of ESVIN AROLDO VASQUEZ, *d/b/a* EAV EXPRESS; and ESVIN AROLDO VASQUEZ, *d/b/a* EAV EXPRESS, (hereinafter "EAV EXPRESS"), states as follows:

1. On May 14, 2020, and at all times material, the Defendant, EAV EXPRESS, was an Interstate DOT registered company, transacting and doing business in the County of Cook and in the State of Illinois.

2. That at all times material hereto, the Defendant, ESVIN VASQUEZ, was an agent and/or employee of the Defendant, EAV EXPRESS, and was at all times acting as an agent and/or employee of the Defendant, EAV EXPRESS.

3. That at all times herein alleged, the Defendant, ESVIN VASQUEZ, operated, guided, and controlled a semi-trailer that was owned and maintained by EAV EXPRESS.

4. On May 14, 2020, and at all times material, the Plaintiff, CARLTON CLAYTON, was the operator of the motor vehicle driving in an easterly direction along and upon 87th Street

1

in the City of Chicago, the County of Cook, and in the State of Illinois.

5. On May 14, 2020, the Defendant, EAV EXPRESS, owned, maintained, and/or controlled a certain semi-trailer, which was operated by its agent and/or employee, ESVIN VASQUEZ, in an easterly direction along and upon 87th Street, which collided with and struck the passenger side of the Plaintiff's vehicle in the City of Chicago, the County of Cook, and in the State of Illinois.

6. That all times herein alleged, it was the duty of the Defendants, EAV EXPRESS and ESVIN VASQUEZ, individually and as an agent and/or employee of EAV EXPRESS, to exercise reasonable care in the operation, control, ownership, maintenance, and guidance of said vehicle for the safety of others, including for the Plaintiff, CARLTON CLAYTON.

7. That at said time and place, the vehicle owned and maintained by the Defendant, EAV EXPRESS, and operated and controlled by the Defendant, ESVIN VASQUEZ, individually and as an agent of EAV EXPRESS, struck and collided with the passenger side of the vehicle operated by the Plaintiff, CARLTON CLAYTON.

8. That in its relevant parts, the Motor Carrier Safety Regulations define "Motor Carrier" as a for-hire motor carrier or a private motor carrier; including a motor carrier's agents, officers, and representatives as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers and employees concerned with the installation, inspection, and maintenance of motor vehicle equipment and/or accessories; this definition includes the term employer. 49 C.F.R. § 390.5.

9. That in its relevant parts, the Motor Carrier Safety Regulations define "Motor Vehicle" as any vehicle, machine, tractor, trailer, or semi-trailer propelled or drawn by mechanical power and used upon the highways in the transportation of passengers or property, or any

FILED DATE: 7/19/2021 4:40 PM   2021L007296

FILED DATE: 7/19/2021 4:40 PM   2021L007296

combination thereof determined by the Federal Motor Carrier Safety Administration 49 C.F.R. § 390.5.

10. That in its relevant parts, the Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns, employees to operate it. 49 C.F.R. §390.5.

11. That in its relevant parts, the Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such terms include a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. §390.5.

12. That at all relevant times, the truck and trailer driven by the Defendant, ESVIN VASQUEZ, was a semi-trailer and therefore a motor vehicle as defined by the Motor Carrier Safety Regulations.

13. That at all relevant times, the Defendant, ESVIN VASQUEZ, was a driver of said motor vehicle and therefore an employee as defined by the Motor Carrier Safety Regulations.

14. That at all times relevant, the Defendant, EAV EXPRESS, owned a commercial vehicle involved in this occurrence, namely the semi-trailer as defined by the Motor Carrier Safety Regulations.

15. That as a motor carrier, the Defendant, EAV EXPRESS, had a duty to require observance by its drivers, such as the Defendant, ESVIN VASQUEZ, of all duties or prohibitions set forth in the Motor Carrier Safety Regulations. 49 C.F.R. § 390.11.

16. That at said time and place, the Defendant, EAV EXPRESS, by and through its

3

agent and/or employee, the Defendant, ESVIN VASQUEZ, as a motor carrier, had a duty to exercise ordinary care to avoid colliding with the motor vehicle operated by the Plaintiff, GERARDO SALINAS MARTINEZ.

17. That notwithstanding said duty, the Defendants, EAV EXPRESS and ESVIN VASQUEZ, were guilty of one or more of the following acts and/or omissions:

a. Owned, operated, managed, maintained, and controlled said motor vehicle without keeping a safe and proper lookout;

b. Owned, operated, managed, maintained and controlled said motor vehicle without having brakes to control the movement of and to stop and hold said motor vehicle, contrary to and in violation of 625 ILCS 5/12-301;

c. Owned, operated, managed, maintained and controlled said motor vehicle by failing to give audible warning of the approach of said motor vehicle contrary to and in violation of 625 ILCS 5/12-601;

d. Owned, operated, managed, maintained and controlled said motor vehicle by following too closely the vehicle operated by the Plaintiff, CARLTON CLAYTON, contrary to and in violation of 625 ILCS 5/11-710;

e. Owned, operated, managed, maintained and controlled said motor vehicle at a speed greater than was reasonable and proper with regard to traffic conditions and use of a thoroughfare, contrary to and in violation of 625 ILCS 5/11-601(a);

f. Failed to properly maintain the semi-trailer;

g. Allowed the semi-trailer to be used and operated when its brakes were not compliant with Department of Transportation safety standards and the Federal Motor Carrier Safety Act, 49 C.F.R. § 393.47(e);

h. Allowed the semi-trailer to be used and operated when all of its brake shoes and brake drums exhibited signs of excessive wear and were in need of replacement;

i. Allowed the semi-trailer to be used and operated when the tractor-trailer did not satisfy minimum Federal standards for operations on public highway, including those of the Federal Motor Carrier Safety Act;

j. Failed to properly inspect its vehicle as required by the Federal Motor Carrier Safety Act;

k. Operated an unsafe vehicle in violation of the Federal Motor Carrier Safety Act;

4

FILED DATE: 7/19/2021 4:40 PM   2021L007296

l.  Allowed the semi-trailer to be used and operated on interstate highways without first having it inspected as required by Federal law and regulations;

m.  The Defendant, EAV EXPRESS, is vicariously liable for the negligent acts and omissions of its agent, ESVIN VASQUEZ, for the conduct alleged above, contrary to, and in violation of 40 C.F.R. § 390.11, adopted by reference 625 ILCS 5/18b-105;

n.  The Defendant, EAV EXPRESS, negligently supplied a defective semi-trailer to its agent, ESVIN VASQUEZ, which was unsafe for operation on the highway, contrary to and in violation of 49 C.F.R. § 396, adopted by reference in 625 ILCS 5/18b-105;

o.  The Defendant, EAV EXPRESS, supplied its agent, ESVIN VASQUEZ, with a semi-trailer that was not maintained by the Defendant in a safe and appropriate manner, contrary to and in violation of 49 C.F.R. § 396, adopted by reference in 625 ILCS 5/18(b)-105;

p.  The Defendant, EAV EXPRESS, was negligent in the supervision and oversight of its agent, ESVIN VASQUEZ, with respect to the operation, maintenance and use of the semi-trailer by the Defendant, ESVIN VASQUEZ, contrary to and in violation of 49 C.F.R. §390.11, adopted by reference in 625 ILCS 5/18(b)-105;

q.  Failed to decrease speed so as to avoid colliding with the Plaintiff's motor vehicle, despite the fact that said motor vehicle was clearly visible to the Defendant, ESVIN VASQUEZ, contrary to and in violation of 625 ILCS 5/11-601;

r.  Operated the semi-trailer at an excessive rate of speed for the circumstances then existing, contrary to and in violation of 625 ILCS 5/11-601 and 49 C.F.R. §392.14, adopted by reference in 625 ILCS 5/18(b)-105;

s.  Failed to apply the brakes in a timely manner so as to bring his vehicle to a safe stop, contrary to and in violation of 625 ILCS 5/12-301;

t.  Failed to slow down when he knew, or should have known, of the existence of the traffic back up, contrary to and in violation of 625 ILCS 5/11-601, and 49 C.F.R. § 396.7;

u.  Failed to ensure that the aforesaid semi-truck had operative brakes, in violation of 49 C.F.R. § 393.48, adopted by reference in 625 ILCS 5/12-301;

v.  Allowed the vehicle out on the roadway without ensuring that it was in safe operating order, in violation of 49 C.F.R. § 393.48;

w.  Failed to perform a proper pre-trip inspection, in violation of 49 C.F.R. § 392.7;

x.  Made a right turn despite knowing, or through reasonable inquiry knowing, that the Plaintiff's vehicle was directly to his right;

y. Failed to maintain his vehicle wholly within his lane of traffic in violation of Section 11-709 of the Illinois Vehicle Code;

z. Made a right-hand turn from the left hand lane in violation of Section 11-801 of the Illinois Motor Vehicle Code;

aa. Made a right hand turn without first ascertaining that it was safe to do so in violation of Section 11-804(a) of the Illinois Motor Vehicle Code; or

bb. Made a right-hand turn without giving a signal of intention to do so for a steady 100 feet in a business or residential district in violation of Section 11-804(b) of the Illinois Motor Vehicle Code.

18. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, EAV EXPRESS and ESVIN VASQUEZ, individually and as an agent of EAV EXPRESS, the Plaintiff, CARLTON CLAYTON, sustained injuries of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, CARLTON CLAYTON, by and through his attorneys, DWORKIN & MACIARIELLO, prays that a judgment be entered against the Defendants, ESVIN VASQUEZ, individually and as an agent of EAV EXPRESS, INC.; and EAV EXPRESS, INC., in a sum in excess of $50,000.00, plus costs of bringing this suit, and any other relief this Court deems just.

Respectfully Submitted,

/s/ A. Torgrimson

By: _____
Attorney for the Plaintiff

Andrea Torgrimson
DWORKIN & MACIARIELLO
134 N. LaSalle Street, Suite 650
Chicago, IL 60602
T: (312) 857-7777 | F: (312) 757-4913
Email: atorgrimson@dmchicagolaw.com
Atty No.: 32387